UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DeARIES INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   11-CV-3443 |
| | ) |
| ROBERT GIBSON, | ) |
| | ) |
| Defendant. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, pursues procedural due process challenges to his disciplinary hearing in which he was found guilty of assaulting another inmate. Plaintiff received several punishments, including the loss of good time credits. The alleged procedural due process violations include a false disciplinary ticket, the presentation of slanted and incomplete evidence, and the denial of Plaintiff's request to call an exonerating witness. Plaintiff seeks a preliminary injunction to stop Defendants from

implementing the discipline and from retaliating against him.

In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. *See also* Heck v. Humphrey, 512 U.S. 477, 487 (1994). "[G]ood-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994), *citing* Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(other citations omitted). This rule "serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Muhammad v. Close, 540 U.S. 749, 751 (2004).

Plaintiff's allegations necessarily challenge his loss of good time. *See* Edwards, 520 U.S. at 646 (denial of exculpatory witnesses in disciplinary hearing revoking good time was habeas corpus challenge).

He therefore cannot proceed with this action until he overturns the discipline through another route, such as expungement or habeas corpus (which cannot be pursued until after the exhaustion of state court remedies). The Court also notes that Plaintiff appears to admit that he did not exhaust his administrative remedies in the prison when he filed this lawsuit, which is an alternative grounds requiring dismissal. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). In order to pursue this case, Plaintiff must first overturn the revocation of his good time and exhaust his administrative remedies. That Plaintiff will have served his punishment by the time he accomplishes these tasks does not provide grounds for an exception to the requirements.

IT IS THEREFORE ORDERED THAT:

1) Plaintiff's complaint is dismissed because his claim has not yet accrued under <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) and progeny. Plaintiff's petition for a preliminary injunction/temporary

restraining order is denied (d/e 10).  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:     July 24, 2012

FOR THE COURT:

                                            s/Sue E. Myerscough  
                                            SUE E. MYERSCOUGH  
                                  UNITED STATES DISTRICT JUDGE